## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **A.L.M. HOLDING COMPANY, ERGON** | : | **CIVIL ACTION** |
| **ASPHALT & EMULSIONS, INC.** | : | |
| | : | |
| **v.** | : | **NO.  25-155** |
| | : | |
| **ZYDEX INDUSTRIES PRIVATE** | : | |
| **LIMITED, ZYDEX INC.** | : | |

## <u>ORDER</u>

**AND NOW**, this 6th day of November 2025, upon considering plaintiffs' motion to challenge privilege claim and to compel discovery (DI 102), defendants' response (DI 115), and following our case management videoconference held with all counsel today, it is **ORDERED**:

1.      Plaintiffs' motion (DI 102) is **GRANTED in part** and **DENIED in part** as explained below.

2.      For the emails found in pages HTAS000001994–1998, the motion is moot because the clawback was withdrawn.

3.      For testing and analysis of Accused Products and related communications, including what was done in 2017, the motion is moot because defendants represented that upon reasonable search, some of which was described in the opposition brief, they have no remaining responsive documents.

4.      For a supplement to interrogatory no. 4 about manufacturing, we disagree with defendants in principle and overrule their relevance objection.  But setting that aside, we are not in a position to take further action on the motion because frankly, it does not appear to us that the information sought by plaintiffs is facially responsive to interrogatory no. 4.

5.      For narrative responses to interrogatories 4 and 5, we disagree on 4 but agree in part on 5.  For interrogatory 4, the request is so broad that it is entirely unclear what narrative

response would be satisfactory.  For interrogatory 5, no later than **November 13, 2025**, unless otherwise agreed, defendants shall supplement their response with a complete narrative response.  In particular, defendants' relevance objection to interrogatory 5 is overruled.  However, defendants may continue to rely on Rule 33(d) to the extent that the identified documents are co-extensive with defendants' knowledge.  If aspects of a complete response fall outside the documents, those aspects must be provided in narrative format.

**MURPHY, J.**